PAUL HASTINGS LLP
CHRIS A. JALIAN (SBN 295564)
chrisjalian@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

PAUL HASTINGS LLP
ERIC DISTELBURGER (SBN 330042)
ericdistelburger@paulhastings.com
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
FERGUSON ENTERPRISES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DYLAN ALDRICH, on behalf of himself and others similarly situated,

Plaintiff,

vs.

FERGUSON ENTERPRISES, LLC; and DOES 1 to 100, inclusive,

Defendants.

CASE NO. ____________________

**DEFENDANT FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**

Sacramento Superior Court, Case No. 26CV000389

TO THE CLERK OF THE COURT, PLAINTIFF DYLAN ALDRICH, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Ferguson Enterprises, LLC ("Ferguson") hereby removes this action from the Superior Court of California in and for the County of Sacramento (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9). In support of removal, Ferguson alleges as follows:

1. On January 12, 2026, Plaintiff Dylan Aldrich ("Plaintiff"), through his attorneys Lavi & Ebrahimian, LLP, submitted online to the California Labor and Workforce Development Agency ("LWDA"), and served on Ferguson by certified mail to Corporate Creations, a letter describing claims he intended to pursue under the Labor Code Private Attorney Generals Act ("PAGA") (the "LWDA Notice"). True copies of Plaintiff's LWDA Notice and Service of Process Notice are attached as Exhibits A and B, respectively, to the Declaration of Teresa M. Cooper ("Cooper Decl."), ¶ 2.

2. On January 20, 2026, Plaintiff served on Ferguson's Agent for Service of Process by hand delivery a Complaint that he filed on January 7, 2026, in the Superior Court for the County of Sacramento, entitled: "*Dylan Aldrich, on behalf of himself and others similarly situated, Plaintiff, vs. Ferguson Enterprises, LLC, and DOES 1 to 100, inclusive, Defendants*," No. 26CV000389 (the "Action"). The service of process effected on Ferguson included the Service of Process Notice, the Summons, Complaint, Civil Case Cover Sheet, Notice of Civil Home Court Assignment, and an Alternative Dispute Resolution (ADR) Information Packet, true copies of which are attached hereto as Exhibits C, D, E, F, G, and H respectively, to the Cooper Decl. at ¶ 3. Also attached to the Cooper Declaration as Exhibits I and J, respectively, are the January 20, 2026 Minute Order deeming the case complex,

and the January 21 2026 Notice of Case Management Conference setting an initial case management conference for August 14, 2026 at 10:30 am in Dept. 23.

3. The Complaint asserts seven causes of action for (1) failure to pay wages for all hours worked at minimum wage in violation of Labor Code sections 1194 and 1197; (2) failure to pay overtime wages for daily overtime worked in violation of Labor Code sections 510 and 1194; (3) failure to authorize or permit meal periods in violation of Labor Code sections 512 and 226.7; (4) failure to authorize or permit rest periods in violation of Labor Code section 226.7; (5) failure to provide complete and accurate wage statements in violation of Labor Code section 226; (6) failure to timely pay all earned wages and final paychecks due at time of separation of employment in violation of Labor Code sections 21, 202, and 203; and (7) unfair business prices, in violation of Business and Professions Code sections 17200, *et seq.*. Plaintiff purports to bring these claims on behalf of himself and a class of "current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees" "in California at any time from four (4) years prior to the filing of the initial Complaint . . . " Cmplt., ¶¶ 3, 38. The allegations in the Complaint are incorporated into this Notice by reference without admitting the truth of any of them.

4. No other defendant is named in the Complaint in this Action and Ferguson is informed and believes that no other defendant has been served with process in this Action.

5. On February 17, 2026, Ferguson filed its Answer to Plaintiff's Complaint, which was served by mail to Plaintiff's counsel. A true copy of Ferguson's Answer is attached as Exhibit A to the Distelburger Decl. at ¶ 2.

6. The LWDA Notice and its accompanying Service of Process Notice, and the Service of Process Notice, the Summons, Complaint, Civil Case Cover Sheet, Notice of Civil Home Court Assignment, ADR Information Packet, January

20, 2026 Minute Order deeming the case complex, and the January 21 2026 Notice of Case Management Conference (Exhibits A-J to the Cooper Declaration), constitute all process, pleadings, and orders served on or by Ferguson in this action. Cooper Decl. ¶ 3.

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Sacramento Superior Court. True copies of the Notice to Adverse Party of Removal of Civil Action and the Notice to Superior Court of Removal of Civil Action are attached as Exhibits B and C, respectively, to the Distelburger Decl. at ¶ 6. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

8. This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b)(1), as it is filed within 30 days after Ferguson was served with "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

9. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

**Removal Is Proper Under CAFA**

10. The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiff is a citizen of a state different from any defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this Action.

**The Citizenship of the Parties Is Diverse**

11. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-*

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile[.]"). A plaintiff's place of residency is evidence of domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Smith v. Simmons,* No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (noting that "maintaining a place of residence . . . provides a 'prima facie' case of domicile"). Plaintiff is now, and was at all material times, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). *See* Cmplt., ¶ 3 ("the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to filing of this Complaint.").

12. Ferguson is now, and was at the time this action was commenced, a citizen of the Commonwealth of Virginia within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was at all material times incorporated under the laws of Virginia. *See* Cooper Decl. ¶ 4. Ferguson is headquartered in Newport News, Virginia. *Id.* ¶ 4. Ferguson's officers and directors are located in Newport News, Virginia, which is also where the officers and directors engage in direction, control, and coordination of the company's activities. *Id.* Ferguson is wholly owned by its sole member, Ferguson US Holdings, Inc., which was created and is established under the laws of Virginia, has its headquarters located in Virginia, and is controlled and operated by its officers and directors in Virginia. *Id.* ¶ 5. At no point in the four years preceding the filing of this Action has Ferguson been incorporated in California or otherwise had its headquarters, executive offices, or officers based in California. *Id.* at ¶ 6. During this period, it has not maintained a principal place of business in California. *Id.* Thus, under the "nerve center" test, Ferguson is a citizen of the Commonwealth of Virginia.

13. Ferguson is the only defendant named in this Action. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Accordingly, no named defendant is a citizen of California, in which state this Action was filed and there is complete diversity of citizenship between the parties.

**The Proposed Class Members Number at Least 100**

14. The Proposed Class Members include:

> "current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees" "in California at any time from four (4) years prior to the filing of the initial Complaint . . . " Cmplt., ¶¶ 3, 38

15. From January 7, 2022 through January 16, 2026, Ferguson employed approximately 4,643 hourly, non-exempt employees in the State of California. Cooper Decl. ¶ 9. Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

**The Amount in Controversy Exceeds $5,000,000**

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 82. If challenged, under CAFA, a removing defendant need prove by only a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the

jurisdictional minimum.”). A preponderance of the evidence requires that a defendant demonstrate that “it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement”. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing and quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)) (quotation marks omitted).

17. For purposes of removal, the amount in controversy is simply “an *estimate* of the total amount in dispute, not a prospective assessment of defendant’s liability.” *Lewis v. Verizon Commc’ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). The removing defendant’s burden “is not ‘daunting,’” and “a removing defendant is *not* obligated to ‘research, state, and prove the plaintiff’s claims for damages.’” *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (quoting *Muniz v. Pilot Travel Centers LLC*, No. Civ. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007)) (emphasis in original), *aff’d*, 631 F.3d 1010 (9th Cir. 2011). Moreover, under 28 U.S.C. § 1446(a), a notice of removal need only contain a “short and plain statement of the grounds for removal.” 28 U.S.C. § 1446(a).

18. Under the removal statute, “[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.” 28 U.S.C. § 1332(d)(6). That number is easily met here.

19. Through this class action lawsuit, Plaintiff seeks alleged unpaid minimum and overtime wages and meal period premiums based on his allegation that Ferguson sometimes required Putative Class members “to clock out for their meal breaks and remain on-duty, without being paid for that time.” Cmplt. ¶¶ 44, 54; *see also* Cmplt. ¶ 62. Assuming just a 20% violation rate for just that issue (*i.e.* one unpaid meal period worked per week), and not even factoring in derivative waiting time or wage statement penalties, let alone attorneys’ fees or Plaintiff’s

alleged rest period violations, the total amount in controversy would be $5,454,763.46.

20. Ferguson calculates that number as follows: For the time period from January 7, 2022 through January 16, 2026, the average hourly rate of Putative Class Members was approximately $26.66, with an average overtime rate of $33.23. Cooper Decl. ¶ 10. Putative Class Members worked a total of approximately 481,827 workweeks during the same period. *Id*. at ¶ 11. Thus, assuming a 20% violation rate would lead to damages figures of $1,284,550.78 in minimum wage damages (($26.66 [average hourly rate] x .5 [30 minute unpaid meal period] x 481,827 [number of workweeks]) x .2 [20% violation rate]); $1,601,111.12 in overtime damages (($33.23 [average overtime rate] x .5 [30 minute unpaid meal period] x 481,827 [number of workweeks]) x .2 [20% violation rate]); and $2,569,101.56 in meal period premiums ($26.66 [average hourly rate] x 481,827 [number of workweeks]) x .2)[20% violation rate]).[1]

21. Since the foregoing analysis is based on a conservative estimate accounting for only some of the claims asserted by Plaintiff, but does not even account for other claims Plaintiff asserts such rest period violations, waiting time penalties, and wage statement violations, without admitting that Plaintiff and/or the purported class could recover *any* damages, there is no question that the amount in controversy in this action exceeds $5,000,000, as the calculation above does not account for Plaintiff's remaining causes of action or request for attorneys' fees.

---

[1] "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on a chain of reasoning that includes assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quotations omitted). "Courts have held that violation rates between 20 to 60% are appropriate when a plaintiff makes 'pattern and practice' allegations." *Lopez v. Bellingham Marine Indus., Inc.*, No. 25-CV-00518-DAD-JDP, 2025 WL 2710458, at *7 (E.D. Cal. Sept. 23, 2025); *see Sanchez v. Abbott Lab'ys*, No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *4 (E.D. Cal. June 30, 2021) (same); *Hender v. Am. Directions Workforce LLC*, No. 219CV01951KJMDMC, 2020 WL 5959908, at *8 (E.D. Cal. Oct. 8, 2020) (find a 20 percent violation rate to be a "conservative estimate" in evaluating an amount in controversy).

Taking those causes of action into account would increase the amount in controversy.

22. Accordingly, the amount in controversy exceeds the jurisdictional threshold for removal under CAFA.

23. In setting forth this calculation, Ferguson does not admit that it is liable to Plaintiff and the Putative Class Members in this amount or any amount. On the contrary, Ferguson denies that it is liable to Plaintiff and the Putative Class Members in any amount and for any relief.

Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

DATED: February 19, 2026

PAUL HASTINGS LLP
CHRIS A. JALIAN
ERIC DISTELBURGER

By: */s/Eric Distelburger*
Eric Distelburger

Attorneys for Defendant
FERGUSON ENTERPRISES, LLC