UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN ALDRICH,<br>Plaintiff,<br>v.<br>FERGUSON ENTERPRISES, LLC.,<br>Defendant. | No. 2:26-cv-00515-DJC-AC<br><br>ORDER |

Plaintiff Dylan Aldrich brought this putative class action against Defendant Ferguson Enterprises in Sacramento County Superior Court, alleging multiple violations of the California Labor Code and unfair business practices under California Business and Professions Code section 17200. (Compl. (ECF No. 1, Ex. E).) Defendants removed the action to this Court under the Class Action Fairness Act ("CAFA"). (*See* Not. Removal (ECF No. 1).) Before the Court is Plaintiff's Motion to Remand (ECF No. 11). In his Motion, Plaintiff argues that this Court lacks jurisdiction because the amount in controversy in this case falls below CAFA's $5 million jurisdictional statutory threshold. This Motion is fully briefed and is taken under submission without oral argument pursuant to Local Rule 230(g). (Mot.; Opp'n (ECF No. 14); Reply (ECF No. 16).)

For the reasons below, Plaintiff's Motion to Remand is denied.

**LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). Under CAFA, the federal courts have original jurisdiction over class actions in which the parties are minimally diverse, the proposed class has at least 100 members, and the aggregated amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

A defendant removing a class action filed in state court pursuant to CAFA need only plausibly allege in the notice of removal that the CAFA prerequisites are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

When a plaintiff's complaint does not quantify damages, defendants must show that the amount in controversy exceeds the jurisdictional threshold of $5 million by a preponderance of the evidence. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). A defendant "is only required to show that it is more likely than not that Plaintiff's maximum recovery reasonably could be over $5 million." *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1185 (E.D. Cal. 2020). This burden is not daunting as "a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotation marks omitted).

Rather, in making this showing, a removing defendant "must be able to rely 'on a chain of reasoning that includes assumptions.'" *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)); *see also Jauregui*, 28 F.4th at 993 (explaining that a "CAFA defendant's amount in controversy assumptions in support of removal will always be just that: assumptions"). These assumptions must reflect more than "mere speculation and conjecture." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Such assumptions require "some reasonable ground

underlying them," *id.* at 1199, but they "need not be proven." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). Assumptions may be reasonable if they are "founded on the allegations of the complaint." *Id.* at 925. Parties may also "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment type evidence." *See Ibarra*, 775 F.3d at 1197 (internal quotation marks omitted).

**DISCUSSION**

The Parties do not dispute that they are diverse or that the proposed class has at least 100 members. The only issue before the Court regarding CAFA jurisdiction is whether the amount in controversy exceeds $5 million.

**I. Differences Between Defendants' Notice of Removal and Opposition**

Courts may construe both a defendant's opposition and evidence provided after the notice of removal as amendments to the original notice of removal. *See Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 636 (9th Cir. 2010) (explaining that Ninth Circuit precedent "holds that a district court may consider later-provided evidence as amending a defendant's notice of removal"); *Pro 49 Dev., LLC v. Ness Express 1, LLC*, No. 2:24-cv-01850-JAM-JDP, 2024 WL 4542306, at *1 (E.D. Cal. Oct. 22, 2024) (explaining that "district courts have routinely considered filings other than the notice of removal when determining whether [they have] jurisdiction").

Defendant's calculations of the amount in controversy differ in their Notice of Removal and in their Opposition to Plaintiff's Motion to Remand. In their Notice of Removal, Defendant calculated the amount in controversy for several of Plaintiff's claims to be $5,454,763.46. (Not. Removal at 7-8.) In their Opposition to Plaintiff's Motion to Remand, Defendant amends their calculations to cover six of Plaintiff's labor code claims and uses additional HR data supplied by a declaration from a paralegal with access to Defendant's records, thus arriving at a total figure of $50,818,150.27. (Opp'n at 6.) Included in this figure is a calculation of penalties for meal break violations totaling $12,220,117.54. *Id.* Because Defendant's calculated amount of

meal break penalties would be sufficient, on its own, to support CAFA jurisdiction, the Court analyzes this calculation below.

**II. Amount in Controversy: Meal Break Violations**

Defendant's calculation of $12,220,117.54 in controversy for Plaintiff's meal break claim is reasonable, supported by declaration evidence, and grounded in the allegations contained in Plaintiff's Complaint. Defendants base their estimates used to calculate this figure on Plaintiff's allegations that Defendant "[s]ometimes fail[ed] to provide Plaintiff and similarly situated employees timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked." (Compl. at ¶ 26(a).) Plaintiff alleges that this resulted from "Defendants' policies, practices, and/or procedures[.]" (Compl. at ¶ 26.)

Based on these allegations, Defendant assumes they may be liable for damages stemming from missed meal periods in 20 percent of all meal period-eligible shifts (of at least five hours in length) worked by putative class members in the relevant period. Defendants rely on the declaration of Teresa Cooper, a paralegal with access to Defendant's HR data, to supply the number of such shifts (2,291,849), as well as putative class members' average hourly rate of pay during the relevant period ($26.66) – numbers which Plaintiff does not dispute. (Cooper Decl. (ECF No. 14, Ex. 1) at ¶ 6,9; *see also,* Reply.) Rather, Plaintiff argues that it is inappropriate to assume a "uniform 20% violation rate" across the relevant period based on allegations that Defendants "sometimes" failed to provide breaks. (Reply at 3.) However, other courts in the Ninth Circuit have found that a rate of 20 percent is reasonable based on allegations that violations occurred "sometimes but not always[.]" *See Correa v. Evoqua Water Tech., LLC.*, No. 2:25-cv-03956, 2026 WL 216317 at *6 (C.D. Cal. Jan. 26, 2026); *Siegel v. Therapymatch, Inc.,* No. 25-cv-07774, 2025 WL 3485156 (N.D. Cal. Dec. 4, 2024). Thus, the Court finds that Defendant's assumed violation rate of 20 percent is reasonable, and therefore that Defendant's calculation of $12,220,117.54 as the amount in controversy for Plaintiff's meal break claim ($26.66 [average hourly rate

of pay] x 458,369 [20 percent of meal break eligible shifts]) is reasonable and supported. As this amount alone exceeds CAFA's jurisdictional amount in controversy threshold and the diversity of the parties is undisputed, the Court has diversity jurisdiction over this case.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY OREDERED that Plaintiff's Motion to Remand (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated: **September 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Aldrich26cv00515.mtr